Argued and submitted October 13, 1999, judgment of Tax Court reversed and case
remanded January 27, 2000

# SMURFIT NEWSPRINT CORPORATION,
## a Delaware corporation,
### *Appellant,*

*v.*

# DEPARTMENT OF REVENUE,
### *Respondent.*

## (OTC 4298; SC S46114)

997 P2d 185

Christopher D. Hatfield, of Hurley, Lynch & Re, P.C., Bend, argued the cause for appellant. With him on the briefs was Kevin J. Keillor.

Jerry Bronner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Hardy Myers, Attorney General.

LEESON, J.

## LEESON, J.

In this direct appeal from the Oregon Tax Court, the issue is whether, on cross-motions for summary judgment, the Tax Court erred in denying taxpayer's motion and granting the Department of Revenue's (department) motion. Taxpayer moved for summary judgment on the ground that the department had made a tax assessment based on a deficiency in 1986, a year that was closed to assessment under ORS 314.410. The department moved for summary judgment on the ground that it was permitted to recalculate taxpayer's tax liability in 1986 to determine the correct amount of pollution control facility (PCF) tax credit available to taxpayer to carry forward to 1987 and 1988. We review for errors of law, *see Western Generation Agency v. Dept. of Rev.*, 327 Or 327, 329 n 1, 959 P2d 80 (1998) (review for errors of law when no material facts in dispute), and reverse and remand.

Some explanation of the PCF tax credit scheme is necessary to understand what occurred in this case. ORS chapter 315 creates a variety of tax credits that are available to qualifying taxpayers who pay personal, corporate, or excise taxes. *See, e.g.*, ORS 315.104 (reforestation tax credit); ORS 315.134 (fish habitat improvement tax credit); ORS 315.164 (farm worker housing tax credit); ORS 315.208 (dependent care facilities tax credit). Taxpayers may use the tax credits described in that chapter to offset taxes that otherwise are due. ORS 315.304 gives qualified taxpayers a tax credit for the cost of constructing certified pollution control facilities and provides, in part:

"(1) A credit against taxes imposed by ORS chapter 316 (or, if the taxpayer is a corporation, under ORS chapter 317 or 318) for a pollution control facility or facilities certified under ORS 468.170 shall be allowed if the taxpayer qualifies under subsection (4) of this section.

"(2) For a facility certified under ORS 468.170, the maximum credit allowed in any one tax year shall be the lesser of the tax liability of the taxpayer or one-half of the certified cost of the facility multiplied by the certified percentage allocable to pollution control, divided by the number of years of the facility's useful life. * * *.

"* * * * *

"(9) Any tax credit otherwise allowable under this section which *is not used by the taxpayer* in a particular year may be carried forward and offset against the taxpayer's tax liability for the next succeeding tax year. Any credit remaining unused in such next succeeding tax year *may* be carried forward and used in the second succeeding tax year, and likewise, any credit not used in that second succeeding tax year may be carried forward and used in the third succeeding tax year, but may not be carried forward for any tax year thereafter. * * *."

(Emphasis added.)

Under ORS 315.304, the amount of PCF tax credit that a taxpayer may use to offset its tax liability in any one year is "the lesser of the tax liability of the taxpayer or one-half of the certified cost of the facility multiplied by the certified percentage allocable to pollution control, divided by the number of years of the facility's useful life." ORS 315.304(2). The total amount of PCF tax credit to which a taxpayer is entitled is spread over the number of years equal to the useful life of the facility. If a taxpayer does not use all of its PCF tax credit in a particular year, then it may carry forward any remaining credit for the next two succeeding tax years. ORS 315.304(9).

In this case, taxpayer, a producer of newsprint, had earned PCF tax credits under ORS 315.304 in 1986, 1987, and 1988. There is no dispute about taxpayer's entitlement to those credits or the total amount of credits that it had earned. The dispute is over taxpayer's use of its PCF tax credit in the tax years 1986, 1987, and 1988.

In 1986, taxpayer reported an Oregon corporate excise tax liability of $2,832,135. Taxpayer used both energy tax credit and $1,878,795 worth of the $2,397,035 PCF tax credit to which it had become entitled in 1986 to reduce its tax liability to zero. Because taxpayer did not use all of its PCF tax credit in 1986, it was entitled to carry forward the remaining amount—$518,240—to use as an offset against its subsequent tax liability.

In 1987, taxpayer reported an Oregon tax liability of $3,660,179. As it had done in 1986, taxpayer used energy and PCF tax credits to reduce its tax liability to zero. Taxpayer

used the $518,240 PCF tax credit that it had carried forward from 1986 and $2,265,875 worth of the $2,337,853 PCF tax credit to which it had become entitled in 1987. It carried forward the remaining $71,978 in PCF tax credit to 1988.

In 1988, taxpayer reported an Oregon tax liability of $3,311,857. Taxpayer deducted from that amount the $71,978 of PCF tax credit that it had carried forward from 1987; $2,314,683 in PCF tax credit to which it had become entitled in 1988; and $697,751 in energy tax credit, thereby reducing its tax liability to $227,445. Taxpayer paid that amount.

Under ORS 314.410(1), the department may give notice of a tax deficiency "any time within three years after the return was filed." This court has held that the purpose of that statute is "to terminate the liability of the taxpayer unless he was notified by the [department] of a deficiency assessment within three years of the filing of his return." *Simpson Timber Co. v. Tax Commission*, 250 Or 434, 440, 443 P2d 162 (1968). However, ORS 314.410(3)(b) provides an exception to the rule in subsection (1): If the Internal Revenue Service (IRS) "makes a change or correction" that results in the imposition of additional federal taxes, then the department may reopen and examine tax years that otherwise are closed to assessment if it does so "within two years after [it] is notified by the taxpayer or [the IRS] of the federal correction * * *."

In 1991, taxpayer reported to the department that the IRS had audited and corrected taxpayer's federal tax returns for the tax years 1985 and 1986. That audit increased taxpayer's 1986 Oregon tax liability by $22,678, resulting in a tax deficiency that taxpayer paid.

In 1993, taxpayer reported to the department that the IRS had audited and corrected its federal tax returns for the tax years 1987 and 1988. That audit increased taxpayer's 1987 and 1988 Oregon tax liability by $3,324 and $12,179 respectively, resulting in tax deficiencies that taxpayer paid.

In October 1995, less than two years after the department had received notification of the federal correction to taxpayer's federal tax returns for 1987 and 1988, the

department issued notices of deficiency to taxpayer for 1987 and 1988. According to the department, most of the deficiency resulted from an error that taxpayer had made on its 1986 tax return, which the department discovered when it audited taxpayer's 1987 and 1988 tax returns. Under section 631 of the Internal Revenue Code, a taxpayer may treat timber that has been cut but not sold as a sale or exchange for which the taxpayer may take a federal tax deduction. 26 USC § 631 (1994). Oregon does not recognize the sale or exchange of timber until it actually is sold or exchanged. Accordingly, a taxpayer must "reverse the effect" of a section 631 deduction on its Oregon tax returns. ORS 317.362. The department's audit revealed that taxpayer had failed to make the section 631 reversal on its 1986 Oregon tax return. Because of that error, taxpayer had under-reported its 1986 tax liability by $170,150.

By the time the department audited taxpayer's 1987 and 1988 tax returns, the statute of limitations on taxpayer's 1986 tax liability had expired. However, the department recalculated taxpayer's 1986 taxable income based on taxpayer's failure to make the section 631 reversal and determined that, if taxpayer had reported correctly its 1986 tax liability, then it would have used an additional $170,150 of its PCF tax credit in 1986 to reduce its tax liability to zero. If taxpayer had used that amount of offsetting PCF tax credit in 1986, then it would have had $170,150 less in PCF tax credit to carry forward to 1987, and it would have been required to use $170,150 more of its 1987 PCF tax credit to reduce its tax liability to zero for that year. Accordingly, it would have had $170,150 less PCF tax credit to carry forward to 1988. Based on those recalculations of taxpayer's use of its PCF tax credits, the department assessed deficiencies against taxpayer for 1987 and 1988 of $170,150.[1]

■    Taxpayer argues that the department increased its tax liability for the 1986 tax year, which was a closed year. The department responds that it merely recalculated taxpayer's tax liability for the 1986 tax year, a year that it admits was closed to assessment under ORS 314.410, and,

---

[1] The department assessed additional deficiencies in the amount of $5,913 for 1987 and 1988. That amount is not at issue in this case.

based on that recalculation, determined that taxpayer had not used its PCF tax credit properly. Because it is dispositive, we address only the department's argument that it was authorized to reallocate taxpayer's use of its PCF tax credits in the 1986, 1987, and 1988 tax years. The department's argument assumes that, under ORS 315.304, *the department* is entitled to determine how much PCF tax credit a taxpayer must use in any given year.

■     In construing a statute, we use the familiar methodology summarized in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). At the first level of analysis we examine the text and context, giving words of common usage their plain, natural, and ordinary meaning. *Id.* at 611.

ORS 315.304(2) identifies "the maximum credit allowed" in any one tax year that is available to a qualified taxpayer in the form of PCF tax credit. ORS 315.304(9) provides that any PCF tax credit that "is not used *by the taxpayer*" in a particular year "*may* be carried forward and offset against the taxpayer's tax liability for the next succeeding tax year." (Emphasis added.) *See Scovill v. City of Astoria*, 324 Or 159, 166-67, 921 P2d 1312 (1996) ("may" is permissive). The statute identifies how a taxpayer is permitted to use its PCF tax credit. The statute gives the taxpayer, not the department, authority to determine how a taxpayer will use its PCF tax credit. The department identifies no Oregon statutory authority, and we have found none, to support its contention that it has the authority to determine how a taxpayer will use its PCF tax credit.

■     Finally, both the department and the Tax Court rely on federal law to conclude that the department was authorized to recalculate taxpayer's liability for the 1986 tax year to determine the amount of PCF tax credit that taxpayer should have used and carried forward to the 1987 and 1988 tax years. *Smurfit Newsprint Corp. v. Dept. of Rev.*, 14 OTR 434 (1998). We disagree that it is appropriate to look to the Internal Revenue Code in construing ORS 315.304. ORS 315.004(2)(a) provides, in part, that, in construing the tax credits contained in ORS chapter 315,

> "any term has the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required or the term is specifically defined for purposes of construing, interpreting and applying the credit."

Federal law does not provide a tax credit for pollution control facilities. Accordingly, there is no "comparable context" in federal law that is relevant to the interpretation of ORS 315.304.

The department offers no other rationale to support its motion for summary judgment. Accordingly, because the department is not authorized to determine how much PCF tax credit a taxpayer is entitled to use in any given year, the Tax Court erred in granting the department's motion for summary judgment.

The judgment of the Tax Court is reversed, and the case is remanded.