IN THE OREGON TAX COURT
MAGISTRATE DIVISION

TEKTRONIX, INC.,
*Plaintiff,*
*v.*
DEPARTMENT OF REVENUE,
*Defendant.*
(TC-MD 000829D)

Mark Modjeski, CPA, Senior Tax Manager, Tektronix, argued the cause for Plaintiff.

Marilyn Harbur, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant.

Decision for Defendant rendered February 21, 2001.

### SALLY L. KIMSEY, Magistrate.

Plaintiff appeals Defendant's denial of its refund claims. The refund claims involve fiscal years ending in May 1994, 1995, 1996, and 1997.[1] The issue is before the court on the parties' Cross-Motions for Summary Judgment. The court heard oral argument on January 17, 2001. Mark Modjeski, CPA, Senior Tax Manager, appeared for Plaintiff. Marilyn Harbur, Assistant Attorney General, represented Defendant.

## STATEMENT OF FACTS

Plaintiff is a large multi-national corporation based in Oregon. With its affiliates, Plaintiff "develop[s], manufacture[s], sell[s] and service[s] an extensive line of electronic measurement, design, display and control instruments, and systems that are used worldwide in science, industry and education." As a large corporation, it is virtually assured that it will be audited.

After completion of a federal audit, Plaintiff amended its Oregon excise tax returns for fiscal years ending May 1989 through May 1992. Plaintiff filed the amended returns on April 22, 1996. The amended returns reflected the

---

[1] Plaintiff's fiscal year ends the last Saturday in May.

changes to Oregon taxable income and tax as affected by the adjustments contained in the Federal Revenue Agent's Report. Plaintiff was required to report those changes pursuant to ORS 314.380. In addition, for the returns beginning with its fiscal year ending May 1991, Plaintiff's returns reflected an accounting method change.

The accounting method change related to Plaintiff's method of accounting for certain research and experimental expenditures. Plaintiff had a number of research projects. Seven of the projects were "Oregon-based research projects that were developing 'platforms' for a new generation of products." They were expensive, multi-year projects with a total budget of over $56,000,000. Plaintiff had been treating those expenditures as current expenses, deductible in the year in which they were incurred under Internal Revenue Code (IRC) section 174 (a).

Plaintiff requested permission from the Internal Revenue Service (IRS) to change its accounting method for expenditures relating to those projects from the current expense method to the deferred expense method. *See* IRC § 174(a)(3), (b). In its request, Plaintiff asked that it be permitted to amortize the expenses related to those projects over a 60-month period, beginning with the first month in which a benefit would be received. Plaintiff's letter stated that it was requesting the change "to more clearly reflect income." Plaintiff intended to implement the change, if approved, for its fiscal year ending May 1991. Plaintiff filed its request on February 11, 1991. Plaintiff received permission from the IRS for the change in a letter dated October 8, 1991. According to Plaintiff, its internal policies prevented it from segregating the cost data from those projects until after the IRS formally approved the change. Additionally, Plaintiff was "without tax software capabilities to generate the return at the last possible point in time." Consequently, according to Plaintiff, approval from the IRS was simply received too late for Plaintiff to make the change on its federal return.[2]

Although the parties generally agree on the facts, Defendant disputes Plaintiff's reason for not making the

---

[2] The federal return was due, after extensions, February 15, 1992.

change on its fiscal year 1991 return. Defendant argues that Plaintiff "simply decided it would not be advantageous to make the change for federal purposes." Regardless of the reason, Plaintiff did not make the accounting method change on any of its federal returns.[3] That point was undisputed by Plaintiff.

Plaintiff's decision to amend its fiscal 1991 and 1992 Oregon returns to reflect the deferred expense method of accounting for certain specified research project expenditures had the effect of shifting income from later years to earlier years. After the accounting method change, Plaintiff's Oregon taxable income was significantly larger in fiscal years 1991 and 1992.[4] Plaintiff's income became smaller as a result of the accounting method change in fiscal years 1993, 1994, 1995, 1996, and 1997.

Plaintiff made the change for Oregon purposes because of the existence of Pollution Control Facility (PCF) tax credits. PCF tax credits are a creation of the Oregon legislature. *See* ORS 315.304. There is no corollary in the IRC. *Smurfit Newsprint Corp. v. Dept. of Rev.*, 329 Or 591, 598, 997 P2d 185 (2000). ORS 315.304 "gives qualified taxpayers a tax credit for the cost of constructing certified pollution control facilities." *Smurfit*, 329 Or at 593. The tax credit may be used to offset a tax liability imposed in the year the credit arises. Any credit remaining may be carried forward up to three years and used to offset a tax liability. Any credit remaining after the third succeeding tax year may not be carried forward and is forfeited. ORS 315.304(9). As a result of making the accounting method change, Plaintiff was able to use more of its PCF tax credits that it would have otherwise forfeited.

---

[3] "[P]laintiff applied for and received permission from the Internal Revenue Service to change its method of accounting under 26 USC 174. **But Plaintiff never implemented that change in its federal returns.**" (Emphasis added.)

[4] The court calculated Oregon taxable income in fiscal year 1991 of $5,856,182 and $4,066,336 in fiscal year 1992 before the accounting method change. Plaintiff showed $17,699,514 in fiscal year 1991 and $6,943,199 in fiscal year 1992 in Oregon taxable income after the accounting method change. Those figures were calculated by deleting Plaintiff's adjustments for the accounting method change and following the results through to Oregon taxable income. Because it is based on a summary spreadsheet provided by Plaintiff and not the actual returns and/or accounting records, the numbers are for illustrative purposes only.

Plaintiff's original Oregon returns for fiscal years ending in 1993,[5] 1994, and 1995, did not use the current expense method of accounting. Defendant began an audit of Plaintiff's returns in the fall of 1997. After the audit began, Plaintiff filed amended returns for fiscal years 1993, 1994, and 1995, reflecting the accounting method change. Ultimately, the audit covered fiscal years 1989 through 1997.

Defendant disallowed the accounting method change for fiscal years 1991 through 1997, because Plaintiff did not also implement the change on its federal return. *See* ORS 314.276. Because of the use of credits, primarily PCF tax credits, Plaintiff paid the minimum excise tax of $10 in fiscal years 1991 and 1992, both before and after the effect of the accounting method change was calculated. Therefore, because there was no tax effect, Defendant determined that there was no need to issue notices of deficiency prior to the expiration of the statute of limitations. Defendant denied Plaintiff's claims for refunds for fiscal years 1994 through 1997.[6]

Plaintiff has two arguments in seeking a full refund and, alternatively, one in support of a partial refund. The first is that Plaintiff was required to make the accounting method change because ORS 314.276 and the associated administrative rule require that the method of accounting must "clearly reflect income." *See* ORS 314.276(2). The second argument is that the Oregon Supreme Court in *Smurfit* held that it is up to the taxpayer to determine when to use its PCF tax credits. 329 Or at 597. Therefore, the argument follows, Defendant cannot now force Plaintiff to use the credits differently. Plaintiff's third argument is that the first year Defendant could change the accounting method was in fiscal year 1993 because fiscal years 1991 and 1992 were closed because of the operation of the statute of limitations.

Defendant, on the other hand, argues that the operation of ORS 314.276 requires that a taxpayer's accounting method must be the same for federal and state purposes

---

[5] Fiscal year 1993 is not at issue.

[6] There was no refund request pending for fiscal year 1993. Although the income in fiscal year 1993 became smaller as a result of the accounting method change, the net tax after credits stayed the same.

unless Defendant determines that the accounting method used does not clearly reflect income. *See* ORS 314.276(2). Defendant further argues that Plaintiff is permitted to use a variety of accounting methods that may all clearly reflect income even though the possible accounting methods used could produce different results. In other words, a range of figures will clearly reflect income within the meaning of the statute. Defendant discounts Plaintiff's *Smurfit* argument, countering that the situation before the court is the opposite of *Smurfit*. Lastly, Defendant argues that, while it may not issue notices of deficiency for fiscal years 1991 and 1992, it may examine those returns for factors that affect returns in later years.

## ANALYSIS

*Accounting Method Change*

■■ ORS 314.276(1)[7] governs the method of accounting a taxpayer shall use in reporting income. It provides that "[t]he **method of accounting** of a * * * taxpayer **shall be the same as** the method of accounting which the * * * **taxpayer uses for federal income tax purposes** for the taxable year." (Emphasis added.) That requirement is given further weight by subsection (3) of the statute. ORS 314.276(3) requires that when a taxpayer changes accounting methods for federal purposes, it must also change its method of accounting for state purposes.

■ Subsection (2) of the statute sets forth an exception to the requirement of ORS 314.276(1). ORS 314.276(2) provides "[n]otwithstanding subsection (1) of this section, if the method of accounting used by the * * * taxpayer does not clearly reflect income, the computation of taxable income shall be made under such method **as the department may prescribe**." (Emphasis added.) The standard in subsection (2) is whether the method of accounting used clearly reflects income, **not** whether an alternative method **more** clearly

---

[7] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 1995. Any changes to the statute by the 1993 or 1997 legislature will be noted in a footnote. ORS 314.276 was amended in 1997 to add financial asset securitization investment trusts, or FASITs, within its scope. That change has no effect on the matter before the court.

reflects income. The court may not insert words into a statute. ORS 174.010. In citing ORS 174.010, the Oregon Supreme Court stated that "[t]axpayer's interpretation, in effect, would require us to insert words in the statute[.] * * * However, when interpreting a statute, we must avoid inserting that which the legislature omitted." *J. R. Simplot Co. v. Dept. of Rev.*, 321 Or 253, 261, 897 P2d 316 (1995).

■      The court agrees with Defendant's position that a range of figures will clearly reflect income within the meaning of ORS 314.276. Plaintiff does not argue, nor does the court find evidence that the current expense method of accounting does not clearly reflect income. Plaintiff's argument has consistently been that the deferred method of accounting **more** clearly reflects income. The court finds further support for its position in that the current expense method of accounting apparently clearly reflects income for federal reporting purposes.

■      Plaintiff, in its materials, places significant reliance on the associated administrative rule, particularly the word "and." OAR 150-314.276 requires:

> "A taxpayer's method of accounting for state income tax purposes must be the same as for federal tax purposes **and** it must clearly reflect the taxpayer's income. If the taxpayer's method of accounting does not clearly reflect the taxpayer's income, the department shall compute the taxpayer's taxable income in a manner consistent with the Treasury Regulations set forth under Internal Revenue Code Sections 446 through 483."

(Emphasis added.)

The rule gives Defendant authority to compute a taxpayer's income if a taxpayer's accounting method does not clearly reflect income. Implicit in the authority to compute a taxpayer's income is the ability to determine if a taxpayer's choice of accounting method clearly reflects its Oregon income. Plaintiff must use the same method of accounting for both its state and federal returns unless Defendant determines that the method used does not clearly reflect income.

*Election of Accounting Method*

Plaintiff received permission pursuant to IRC section 174 to change its method of accounting from the current expense method to the deferred expense method for federal income tax purposes. That permission was received several months prior to the due date, including extensions, of the filing of its return for fiscal year 1991. Plaintiff made an election, when it originally filed its returns,[8] to use the current expense method of accounting. Treasury Regulation section 1.174-4(b)(1) states that "[t]he election under [IRC] section 174(b) shall be made not later than the time (including extensions) prescribed by law for filing the return for the taxable year for which the method is to be adopted." Plaintiff made the election to change its accounting method in April 1996, long after the original returns were due.

■ In interpreting an election of a change in accounting method, the United States District Court held that "[a] taxpayer is bound by the accounting method he uses to determine income tax liability for a given year and is not permitted to change to another method of accounting, though equally acceptable, after the expiration of the time within which the return in question is required to be filed." *Lord v. U.S.*, 184 F Supp 149, 155 (D Or 1960), *aff'd*, 296 F2d 333 (9th Cir 1961). In affirming the district court, the Ninth Circuit Court of Appeals held that "[a]n amended return purporting to correct errors in the original return must be calculated in accordance with the method initially used to compute income." *Lord v. U.S.*, 296 F2d 333, 335 (9th Cir 1961). The reasoning by both *Lord* courts is persuasive. That reasoning is also supported by the Regular Division of this court in a timber tax election case, when it held that "[t]he court concludes that [the taxpayer] acted without due care in making an important election, **under which he is bound**." *Bylund v. Dept. of Rev.*, 7 OTR 357, 370 (1978) (citing *Georgia-Pacific v. Dept. of Rev.*, 5 OTR 33, *aff'd*, 264 Or 260, 504 P2d 704 (1972)) (emphasis added). Plaintiff may not retroactively change its accounting method.

---

[8] Plaintiff originally filed its Oregon returns for fiscal years 1996 and 1997 using the deferred expense method of accounting. However, those years simply reflected the use of previously deferred expenses and not the deferral of any expenses.

*Use of PCF Tax Credits*

■      Plaintiff is correct that the Oregon Supreme Court held that ORS 315.304 "identifies how a taxpayer is permitted to use its PCF tax credit. The statute gives the taxpayer, not the department, authority to determine how a taxpayer will use its PCF tax credit." *Smurfit*, 329 Or at 597. However, nothing in the court's decision implicitly or explicitly states that a taxpayer may choose to ignore other statutory requirements in using its PCF tax credits. The court itself recognized the narrowness of its decision when it stated that "[b]ecause it is dispositive, we address only the department's argument that it was authorized to reallocate taxpayer's use of its PCF tax credits in the 1986, 1987, and 1988 tax years." *Id.* Plaintiff's reliance on *Smurfit* fails.

*Statute of Limitations*

■      The operation of ORS 314.410(2) barred Defendant from issuing notices of deficiency relating to Plaintiff's returns from fiscal years 1991 and 1992. Therefore, Plaintiff argues, Defendant may not take factors into account from the earlier years that affect taxes owed in later years. According to Plaintiff, because fiscal years 1991 and 1992 were closed to deficiencies, the adjustments would be made in fiscal year 1993, the first "open" year. Doing so would result in a partial refund. This court held that:

> "[t]he fact that a statute may bar an assessment for taxes or a claim for refund after a certain period does not mean that the administrative agency or the courts must ignore the facts establishing the amount of tax or refund owing.* * * Therefore, either the government or the taxpayer may recompute the tax for the closed year to affect a carryover item to open years."

*Smurfit Newsprint Corp. v. Dept. of Rev.*, 14 OTR 434, 437-38 (1998), *rev'd on other grounds*, 329 Or 591, 997 P2d 185 (2000) (citations omitted).[9]

---

[9] As noted earlier, the Oregon Supreme Court in *Smurfit* held that "[b]ecause it is dispositive, we **address only the department's argument that it was authorized to reallocate taxpayer's use of its PCF tax credits** in the 1986, 1987, and 1988 tax years." *Smurfit*, 329 Or at 597 (emphasis added).

Plaintiff is incorrect in its view of the law. Defendant neither issued notices of deficiency nor was it required to do so. It was permitted to examine the facts in the earlier years to determine how those facts affected the taxes owed in the later years.

## CONCLUSION

For the reasons discussed above, the court finds that Defendant acted appropriately in assessing additional taxes for fiscal years 1994, 1995, 1996, and 1997.

IT IS THE DECISION OF THIS COURT that Plaintiff's Motion for Summary Judgment is denied.

IT IS FURTHER DECIDED Defendant's Cross-Motion for Summary Judgment is granted. Defendant's request for fees and costs is denied.