I. INTRODUCTION
This matter comes before the court on the Motion for Summary Judgment made by Plaintiff Northwest Natural Gas Company (taxpayer) and the Cross-Motion for Summary Judgment made by Defendant Department of Revenue (the department).
 II. FACTS
The parties have stipulated to the following facts. Taxpayer is a corporation incorporated under the laws of the State of Oregon and is engaged primarily in the distribution and sale of natural gas to customers in Oregon and the Pacific Northwest. Taxpayer's property is centrally assessed under ORS 308.505 to308.665.[1] For each of the 2002-03 to 2005-06 tax years, taxpayer filed an annual statement with the department that listed all of taxpayer's property.
Taxpayer maintains stores of natural gas in order to consistently meet its customers' demands.[2] Taxpayer maintains stores of liquified natural gas in two storage facilities, *Page 369 
one in Portland[3] and one in Newport.[4] In addition, taxpayer stores natural gas in six underground storage facilities near Mist. Two of the six underground reservoirs became available during the 2005-06 tax year and are not under appeal for the remainder of the tax years at issue.[5] The parties have stipulated that the stored gas is "tangible personal property," "inventory" or "inventories," "stock-in-trade," "goods," and a "commodity" within the common, ordinary meaning of those terms.
During the subject tax years, taxpayer also owned and operated retail storefronts in Salem, Albany, Eugene, and Portland.[6]
The Salem store was in operation during the 2002-03 and 2003-04 tax years, the Albany and Eugene stores were in operation during the 2002-03 to 2004-05 tax years, and the Portland store was in operation during all the tax years at issue. The stores offer various gas and electric appliances for sale to the general public. The parties have stipulated that those appliances are "tangible personal property," "appliances," "merchandise," "inventory" or "inventories," "stock-in-trade," and "goods" within the common, ordinary meaning of those terms.
On December 31, 2004, taxpayer petitioned the department to exercise its supervisory authority to determine that the gas reserves were exempt as inventory under ORS 307.400 for tax years 2002-03, 2003-04, and 2004-05. On June 3, 2005, the department denied the petition, stating that, if the department agreed that ORS 307.400 applied to taxpayer, the situation could be an "extraordinary circumstance" as contemplated by OAR150-306.115,[7] but that the *Page 370 
department did not agree that ORS 307.400 applied to tax-payer. On August 15, 2005, taxpayer appealed that determination to the Magistrate Division of this court. The amended complaint alleges, and the department admits, that on June 9, 2005, taxpayer timely appealed to the department regarding the exempt status of its inventory for tax year 2005-06. The department denied the appeal. Taxpayer appealed that determination to the Magistrate Division of this court on October 14, 2005. The magistrate consolidated the two cases. Both parties then jointly petitioned for special designation to the Regular Division on January 6, 2006, which was granted on January 9, 2006.
 III. ISSUE
Are taxpayer's inventories of natural gas reserves and appliances held for sale in its retail stores exempt from taxation?
 IV. ANALYSIS
Taxpayer contends that its inventories, specifically the gas reserves and the appliances held for sale by the retail stores, are exempt from taxation under the exemption for inventory contained in ORS 307.400. To support this contention, taxpayer argues that there is nothing in the statute limiting the inventory exemption to only noncentrally assessed companies, and that, had the legislature wished to limit the exemption, it knew how to do so, as demonstrated by several other statutes. The department counters by arguing that because ORS 307.020 excludes centrally assessed property from its definition of "tangible personal property," a term utilized by ORS 307.400 to describe property subject to exemption, ORS 307.400 does not apply to centrally assessed companies. In addition, the department asserts that, pursuant to the language of ORS 308.510 and ORS308.515, taxpayer's inventory is not exempt from taxation, but rather called out for assessment. The department argues that the provisions of *Page 371 
the central assessment statutes are specific and control over what it argues are the more general exemption statutes.
A. Standard of review
1-3. The court reviews department decisions under ORS 306.115
for abuse of discretion. ADC Kentrox I v. Dept. ofRev., 19 OTR 91, 98 (2006) (citations omitted). In reviewing supervisory appeals, the court will overturn the department's ruling if the department arrived at a legal conclusion that was clearly wrong. Id. at 97 (citingResolution Trust Corp. v. Dept. of Rev., 13 OTR 276,279 (1995)). Generally, the standard of review for a Tax Court matter that was timely appealed to the department is denovo. ORS 305.425. Here, given the parties' agreement to the facts, the court need only look to whether the department improperly concluded that ORS 307.400 does not apply to taxpayer's inventory. Because the legal conclusion of the department is the issue in all years, the standard of review is in essence the same for all of the tax years before the court, even though a different standard of review would typically apply to the two different department decisions in this matter.
B. Applicability of ORS 307.400 to the inventory of centrally assessed companies
This matter involves the consideration of two statutory schemes: that of ORS 307.400 and that of the central assessment statutes. There is no question that if the department is correct in asserting that ORS 307.400 does not apply to taxpayer, this matter would be resolved in favor of the department; therefore, the court will begin its analysis with that statute. ORS 307.400
provides as follows:
 "Inventory. Items of tangible personal property consisting of inventory, including but not limited to materials, supplies, containers, goods in process, finished goods and other personal property owned by or in possession of the taxpayer, that are or will become part of the stock in trade of the taxpayer held for sale in the ordinary course of business, are exempt from ad valorem property taxation."
When "[interpreting a statute, the court's task is to discern the intent of the legislature." PGE v. Bureau of Labor andIndustries, 317 Or 606, 610, 859 P2d 1143 (1993). That *Page 372 
requires examining its text in context, and, if necessary, a review of legislative history. Id. The "text of the statutory provision itself * * * is the best evidence of the legislature's intent." Id. Words of common usage are typically to be "given their plain, natural, and ordinary meaning." Id. at 611. The plain language of ORS 307.400
provides an unqualified exemption from property taxation for tangible personal property of the type that is inventory and that is held for sale in the ordinary course of business. The parties have stipulated that the gas and retail appliances in question are such property. Accordingly, the inventories of taxpayer would appear to be exempt from taxation.
1. Relationship of ORS 307.020 to ORS 307.400
The department argues, however, that, rather than helping the taxpayer, the phrase "tangible personal property" used in ORS307.400 operates to exclude taxpayer's inventory from exemption. This argument is based on a major premise that ORS 307.400 only applies to property described in ORS 307.020.[8] Because ORS307.020 by its *Page 373 
terms does not apply to centrally assessed taxpayers, the department concludes that ORS 307.400 cannot apply to tax-payer on its inventories.
4, 5. The problem with this position is that there is little or nothing to support the department's major premise. The text of ORS 307.400 neither provides nor suggests that the provisions of ORS 307.020(4) operate to limit its benefits. ORS 307.020 does contain a definition of tangible personal property, and ORS307.020(4) specifies that the definitions set out in ORS 307.020
do not apply to centrally assessed taxpayers. However, even if the definition of tangible personal property contained in ORS307.020 does not apply to centrally assessed companies, it does not follow that ORS 307.400 becomes inapplicable. ORS 307.400
can operate without the help of ORS 307.020 because, when a term used in a statute — here ORS 307.400 — is not defined by some other specific statutory provision — here ORS 307.020 — the court looks to the plain, natural, and ordinary meaning of the term, Smurfit Newsprint Corp. v.Dept. of Rev., 329 Or 591, 597, 997 P2d 185 (2000), and may also resort to the dictionary definition, Owens v.Maass, 323 Or 430, 434-35, 918 P2d 808 (1996). Here, the parties have stipulated that the property at issue is tangible personal property within the plain, natural, and ordinary meaning of that term, and the court agrees. ORS 307.400 can be applied to taxpayer's property without recourse to ORS 307.020. It would be a different matter if the benefits of ORS 307.400
were, by express terms, limited to a certain, defined class of property rather than to the generic and commonly understood category of tangible personal property. But they are not.
 2. The history of the statutory schemes in ORS 307.202 and ORS 307.400
Nor does the development of the relevant statutory provisions support the department. That development is relevant becausePGE teaches that the court must examine the text of the statute within its context. PGE, 317 Or at 610. The *Page 374 
context of a statute "includes prior enacted versions of the statute and the preexisting common law and statutory framework within which the law was enacted." Premier West Bank v. GSAWholesale, LLC, 196 Or App 640, 649, 103 P3d 1169 (2004) (internal citations omitted).
Relevant to this case, for almost 100 years statutes have provided for a centralized assessment of utility property. Or Laws 1909, ch 218, § 4, 5. So too, during the same period, statutes generally defining personal property have been in effect. General Laws of Oregon, Civ Code, ch IIIL, title I, § 3, p 854 (Deady 1845-1864). More specific definitions of tangible and intangible personal property have been in effect since 1935. Or Laws 1935, ch 274, § 3. Nothing in those statutory schemes suggested that the statutes defining tangible personal property served to effectuate any substantive rules relating to the exemption of property. The status of property as tangible personal property did not have the necessary consequences of rendering the property exempt. By contrast, it could be said that the statute defining intangible
personal property did have, in essence, operative effect in that ORS 307.030 had established the fundamental rule that intangible personal property was generally not subject to tax. Therefore, a statute defining some property as intangible had the operative effect of rendering that property exempt from taxation.
Further, the exemption provisions of ORS 307.400, adopted in 1969, came at a time when their applicability could not be affected by the statutory definitions of tangible personal property. This is because in 1969 the definition of tangible personal property applied to centrally assessed and other property alike.[9] The court must conclude that, as of 1977, the exemption under ORS 307.400 for inventory would have been available to centrally assessed property, without regard to the then existing definition of tangible personal property.[10] *Page 375 
The argument of the department as to the effect of ORS307.020(4), therefore, must be that the addition of that subsection to the statute in 1977 was done for the purpose of having the definitional statute carry out a substantive purpose — the exclusion of centrally assessed property from the exemption from taxation contained in ORS 307.400. Two problems confront this argument. First, as mentioned above, the legislature had not, theretofore, used the statutes defining tangible personal property to do the substantive work of describing property as subject to taxation or not.
Second, the relevant legislative history of ORS 307.020
contains absolutely no evidence of a legislative intent to affect the operation of ORS 307.400. ORS 307.020(4) was added to the statute by Senate Bill 113 in the 1977 legislative session. The available legislative history makes it abundantly clear that the sole purpose of Senate Bill 113, as introduced, was to address the taxation of the "title plants" or databases of title insurance companies. Tape Recording, Senate Committee on Revenue and School Finance, SB 113, Jan 24, 1977, Tape 3, Side 1 (statement of Senator Vern Cook). The legislative record indicates that there was a lack of uniform treatment of such property as between various counties. Tape Recording, Senate Committee on Revenue and School Finance, SB 113, Jan 24, 1977, Tape 3, Side 1 (statement of D. M. Fisher, Administrator of the Department of Revenue's Assessment and Appraisal Division). Some counties treated the databases as tangible personal property subject to taxation, and some treated them as intangible property and, therefore, not subject to taxation. Senate Bill 113, as introduced, amended ORS 307.020 to generally confirm that certain of such properties were intangible, and, therefore, by reason of ORS 307.030, not taxable.
In May and June of 1977, two amendments to Senate Bill 113 were adopted. One added what is now ORS 307.020(4), stating that the now-revised definitions in ORS 307.020 did not apply to centrally assessed companies. Minutes, Senate Committee on Revenue and School Finance, *Page 376 
SB 113, May 6, 1977, 1. The second, offered by the department, amended ORS 308.510 to clarify that certain intangible property theretofore described in ORS 307.020(1) — money at interest, bonds, and stock — would be excluded from the definition of property contained in ORS 308.510. Minutes, Senate Committee on Revenue and School Finance, June 7, 1977, 3. The testimony of the department's representative was that this second amendment was offered to bring the statutes into conformity with the department's administrative practices in not assessing claims on other property such as money at interest, bonds, and stock owned by centrally assessed companies. Tape Recording, Senate Committee on Revenue and School Finance, SB 113, June 7, 1977, Tape 31, Side 2 (statement of Ira Jones, Assistant Attorney General, Department of Justice, Tax Division).
Senate Bill 113 was, therefore, a focused piece of legislation. The legislative concern that gave rise to Senate Bill 113 and the amendments offered in the legislative process, including the amendment offered by the department, focused only on the treatment of intangible personal property. There is no basis in that history to support the department's current contention that Senate Bill 113 was designed to affect the operation of ORS 307.400, a statute concerned only withtangible personal property.[11] The legislative history does not support the argument that ORS 307.400 contains an exception for centrally assessed companies based on some connection to the provisions of ORS 307.020.
3. Argument of specific over general
The department also argues that ORS 308.515, when read in conjunction with ORS 308.510, serves to provide an exception to the operation of ORS 307.400. ORS 308.515 provides, in pertinent part:
 "(1) The Department of Revenue shall make an annual assessment, upon an assessment roll to be prepared by the division of the department charged with property tax *Page 377 
administration, of the following property having a situs in this state:
 "(a) * * * [A]ny property used or held for its own future use by any company in performing or maintaining any of the following businesses or services or in selling any of the following commodities, whether in domestic or interstate commerce or both, and whether mutually, or for hire, sale or consumption by other persons: * * * gas * * *."
(Emphasis added.) The department then looks to ORS 308.510(1) for the applicable definition of property. That statute provides:
 "`Property,' as used in ORS 308.505 to 308.665, includes all property, real and personal, tangible and intangible, used or held by a company as owner, occupant, lessee, or otherwise, for or in use in the performance or maintenance of a business or service or in a sale of any commodity, as set forth in ORS 308.515, * * * and includes but is not limited to * * * inventories * * *."
ORS 308.510 (emphasis added). The department then concludes that those statutes, read together, override the provisions of ORS 307.400 and render the inventories subject to assessment and taxation. That proposition is not correct. ORS 308.515 deals with assessment for taxation, not taxation. See generallySouthern Pacific Trans. Co. v. Dept. of Rev., 295 Or 47,664 P2d 401 (1983).[12]
6, 7. Even if "assessment for taxation" is broadly construed, so that any property "assessed" is potentially subject to taxation, the language in ORS 308.515 does not purport to neutralize exemption provisions that might render property not, in the words of ORS 308.560, "liable to assessment for taxation." The legislature knows well how to refer separately to the concepts of "assessment," "taxation," and "exemption." All such concepts are referenced in ORS 308.558(1), which provides: "Aircraft shall be subject to assessment, taxation *Page 378 
and exemption, as provided in this section." Accordingly, even a statute rendering something assessable, or even taxable, does not preclude an exemption for the property if such exemption is found in another statute.
In ORS 308.515, however, the legislature did not purport to deal with exemption matters. It is, therefore, difficult to conclude that the statute forecloses application of exemption statutes.[13] Indeed, if the department's position on the scope and power of ORS 308.515 is correct — that is, all property assessed is taxed without regard to exemption provisions in other law — the court would be required to find several statutory provisions to be surplusage.See ORS 307.330(1) (excepting centrally assessed companies from a construction-in-progress exemption); ORS307.220 (excepting land and buildings of centrally assessed companies from a nonprofit mutual telephone company exemption); ORS 307.175 (excepting centrally assessed companies from an exemption for property equipped with an alternative energy system); ORS 307.090 (providing a broad exception to an exemption available to public bodies). See also ORS307.126 (allowing exemption to centrally assessed companies for otherwise taxable property). ORS 307.400 contains no such language narrowing the breadth of its provision.
8. For all of the forgoing reasons, the court is inclined to conclude that the provisions of ORS 307.400 are not inconsistent with those of ORS 308.515 so as to require application of such "tie breaker" rules as the rule of specific intent prevailing over general intent. If "tie breakers" are needed, however, they favor the taxpayer here. First, although the department argues that ORS 308.510 and ORS 308.515 are "specific" (referring only to centrally assessed companies) and ORS 307.400 is general (referring to all inventory) it is equally possible to say that the central assessment statute generally describes property, with inventory called out as one category in a general description, while ORS 307.400 concerns itself specifically with only one subset of property — inventory. See Kamburyv. DaimlerChrysler Corp., 334 Or 367, 374-75, 50 P3d 1163
(2002) (holding that a statute that addressed a type *Page 379 
of injury caused by a particular source controlled over the general statute addressing all injuries of that type). The court notes that the application of the specific-general rule can "become a circular exercise." City of Lowell v.Wilson, 197 Or App 291, 306, 105 P3d 856, 122 P3d 64, 65
(2005).
Second, an equally important "tie breaker" is the rule that in cases of otherwise unresolvable statutory conflict, the later enacted statute prevails over the earlier adopted statute. Our Supreme Court has recognized that where a later statute is repugnant to, or in conflict with, a prior statute, the prior statute is impliedly repealed or amended. State ex relHuddleston v. Sawyer, 324 Or 597, 604, 932 P2d 1145 (1997) (recognizing implied repeal); Balzer Mch. v. Klineline Sand Grav., 271 Or 596, 601, 533 P2d 321 (1975) (recognizing implied amendment). If the statutes at issue here are not in conflict, it is because a statute, ORS 308.515, calling for assessment by the department does not neutralize an exemption statute, ORS 307.400. If the conflict exists, however, there is no logical solution to the question of which statute prevails because each treats "inventory" differently. In that case the newer enactment, here ORS 307.400, prevails.
9. The chronological "tie breaker" is of particular applicability here given the statutory histories described above. When the legislature decided on an unqualified exemption for inventory in 1969, it is presumed to have acted with knowledge of the existing statutes, including the provisions of ORS 308.510 and ORS 308.515, which contemplated assessment of inventory. See Premier West Bank, 196 Or App at 649
(holding that context includes the preexisting common law and statutory framework within which the statute was enacted) (internal citations omitted). The legislature is also considered to have been aware of this court's decision in PortlandGeneral Electric Co., 7 OTR 33 (1977). Id. In 1969, when the legislature addressed inventory, it easily could have stated an exception in ORS 307.400 excluding the property of centrally assessed companies. It had done precisely that in 1959 when, in respect of a general exemption for property under construction, it began its action with the clause "Except for property centrally assessed * * *." Or Laws 1959, ch 246, § 1; ORS 307.330. ORS 307.400, the later statutory *Page 380 
enactment, contains no such language narrowing the breadth of its provisions. Accordingly, the court concludes that ORS308.510 and ORS 308.515 have been impliedly amended so as to not operate to prevent application of the inventory exemption in ORS307.400 to the inventory of centrally assessed companies.
C. Effect of ORS 306.115
Taxpayer petitioned the department to exercise its supervisory authority for the 2002-03 to 2004-05 tax years. Taxpayer has stated that the appliances were not included in its petition for those tax years. The court cannot, therefore, review the department's determination as to the appliances for those tax years because before an action of the department may be reviewed, it must have occurred, and here it did not.
Taxpayer made a timely appeal — not a petition pursuant to ORS 306.115 — for the 2005-06 tax year. It is unclear from the record, however, whether taxpayer's 2005-06 appeal included the appliances. Accordingly, the court will treat the motions before it as partial motions for summary judgment. The treatment of appliance inventory will depend upon proof or stipulations as to whether it was included in the appeal of the taxpayer to the department for the 2005-06 tax year.
 V. CONCLUSION
The department improperly concluded that ORS 307.400 does not apply to the inventory of taxpayer, and, therefore, its decisions as to the inventory gas for tax years 2002-03 to 2004-05 were an abuse of discretion under ORS 306.115. Similarly, the department's decision as to the 2005-06 tax year was improper as to the inventory gas. As to the appliances, the department did not exercise discretion that can be reviewed by this court for the 2002-03 to 2004-05 tax years. Now, therefore,
IT IS ORDERED that Plaintiff's Motion for Summary Judgment is granted as to the inventory gas for all tax years under appeal and denied as to the retail appliances for tax years 2002-03 to 2004-05; *Page 381 
IT IS FURTHER ORDERED that Defendant's Cross-Motion for Summary Judgment is granted as to the retail appliances for tax years 2002-03 to 2004-05 and denied as to the inventory gas for all tax years under appeal; and
IT IS FURTHER ORDERED that the parties are to provide supplemental briefing to the court as to whether the 2005-06 appeal to the department under ORS 306.115 included the retail appliances.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2003 edition.
[2] The gas that is the subject of this appeal does not include "cushion" or "line pack" gas, which is the gas used to provide the necessary pressure to deliver natural gas to customers.
[3] Identified on taxpayer's annual statements as G/L Account No. 164021.
[4] Identified on taxpayer's annual statements as G/L Account No. 164023.
[5] The four underground reservoirs under appeal for all tax years at issue are identified in taxpayer's annual statements as G/L Account No. 164012. The other two are identified in taxpayer's 2005-06 statement as G/L Account No. 164031.
[6] Identified on taxpayer's annual statements as G/L Account Nos. 154003 (Portland), 154034 (Salem), 154035 (Albany), and 154036 (Eugene).
[7] All references to the Oregon Administrative Rules are to the Oregon Administrative Rules (OAR) are to the 2003 edition. OAR 150-306.115 provides, in pertinent part:
 "(4) The department will consider the substantive issue in the petition only when:
 "(a) the assessor or taxpayer has no remaining statutory right of appeal; and
 "(b) The department determines that an error on the roll is likely as indicated by at least one of the following standards:
 "(A) The parties to the petition agree to facts indicating likely error; or
 "(B) There is an extraordinary circumstance indicating a likely error."
[8] ORS 307.020 provides:
 "(1) `Intangible personal property" or `intangibles' means and includes but is not limited to:
 "(a) Money at interest, bonds, notes, claims, demands and all other evidences of indebtedness, secured or unsecured, including notes, bonds or certificates secured by mortgages.
 "(b) All shares of stock in corporations, joint stock companies or associations.
 "(c) Media constituting business records, computer software, files, records of accounts, title records, surveys, designs, credit references, and data contained therein. `Media' includes, but is not limited to, paper, film, punch cards, magnetic tape and disk storage.
 "(d) Goodwill.
 "(e) Customer lists.
 "(f) Contracts and contract rights.
 "(g) Patents, trademarks, and copyrights.
 "(h) Assembled labor force.
 "(i) Trade secrets.
 "(2) Unless otherwise specifically provided, `personal property' or `personal estate,' as used in the laws of this state relating to assessment and taxation of property as such, means `tangible personal property" as defined in subsection (3) of this section.
 "(3) `Tangible personal property' means and includes all chattels and movables, such as boats and vessels, merchandise and stock in trade, furniture and personal effects, goods, livestock, vehicles, fanning implements, movable machinery, movable tools and movable equipment.
 "(4) The provisions of this section shall not apply to any person, company, corporation or association covered by ORS 308.505 to 308.665."
[9] It is also important to note that, as of 1977, and still today, the definition of tangible personal property found in ORS307.020 is nonexclusive. It gives, without limitation, examples of tangible personal property. The same is true of the definition of "property" contained in ORS 308.510 and is applicable in determining what property is assessable under the central assessment regime.
[10] Indeed, at that very time, this court's decision inPortland Gen. Elec. Co. v. Dept. of Rev., 7 OTR 33
(1977) was argued by all parties and decided by the court on the premise or basis that the inventory exemption did apply to centrally assessed companies.
[11] In this analysis, it is important to note that, when the department, in June of 1977, offered its amendment touching on central assessment practices, it made no mention of this court's then three-month old decision in Portland General ElectricCo., 7 OTR 33 (1977), a decision premised on the applicability of the inventory exemption to centrally assessed companies.
[12] The provisions of ORS chapter 308 specifying rules on assessment can be read as allocating responsibility for that function as between the department and the county assessors,see, e.g., ORS 308.517, rather than stating taxability. This is clear from the fact that some property not "assessed" under ORS 308.515 is nonetheless subject to taxation under general provisions. See ORS 308.515(5) (indicating where assessment will be done and not whether property is ultimately taxable).
[13] If it did so, it would be in conflict with ORS 307.030, which specifies a broad rule of taxation but in all events, "except as otherwise provided by law." *Page 382